Stewart, guardian &c. v. Lewis, by his guardian.

STEWART, GUARDIAN, *vs.* LEWIS, BY HIS GUARDIAN, &c.

1. A mother, in poor circumstances, is not bound to support her infant child, when it can be supported out of its own estate, and where she has done so, a just allowance should be made to her for its past maintenance.

2. If the guardian of an infant, without an order from the Chancellor, or Judge of the Orphans' Court, appropriate the principal of his ward's funds to any purpose whatever, he does so at his peril, but if the appropriation was such as the Chancellor or Judge would, on application, have authorised and directed, he should be allowed it on the settlement of his accounts.

Error to the Orphans' Court of Montgomery. Tried before the Hon. Adam C. Felder.

THE facts of this case will be found sufficiently set out in the opinion of the court.

WATTS & JACKSON, for plaintiff in error : ·

1. Under the facts set forth in the record, the mother is entitled to compensation for the support of her son.—See Whipple v. Dow, 2 Mass. 415; Dawes v. Howard, 4 ib. 97.

2. The assertion in the record, that the mother was able to support her son, is a gratuitous opinion. Whether the mother was able to support her son or not, is a matter of deduction or inference, and the inference must be based upon facts; and it cannot be infered from the fact stated in the record, that the widow " owned an old negro woman forty years old and a negro boy twelve years old, and one hundred and fifty acres of land," that she was therefore able to board her son without compensation. This is bad reasoning, and not law.

3. The son received by his guardian a separate property from his father's estate, to wit, $305 and two negroes, and this property should be applied to his maintenance and education.

4. The allowance of the $94 for physicians' bills and other expenses, has nothing to do with the merits of the question, but the court having adopted the rule of allowing charges for expenses, why did it not act 'upon that rule throughout and

allow the charge for board? If the physician's bills were an item of expense the board can certainly be nothing less.

5. Allowing that the separate estate of the son will be consumed in his support by the time he is brought up, it is better that he should have no property when he becomes of age, than that the means of the mother be exhausted in his support, and she be left destitute in her old age.

6. At the common law, the mother is not entitled to the services of the child, and therefore she is not bound to support the child.—Roberts v. Connely, 14 Ala. Rep. 235; see particularly the reasoning of the court in this case on page 241.

No counsel for the defendant.

PARSONS, J.—This cause came up from the final settlement of Stewart, as late guardian of William H. Lewis, then, and still an infant. The only error assigned is, that the court below refused to allow to Stewart on the settlement certain sums, which he had paid for the board of the ward. It appears by the bill of exceptions, taken by Stewart, on the final settlement, that "the court refused to allow a charge in said account for board paid by said guardian to Winney Lewis, the mother of said William H. Lewis, amounting to forty-five dollars and fifty cents, for the year 1844; the same amount for 1845 for board, and also the sum of two hundred and sixteen dollars for board for the years 1846, 1847 and 1848." It appears by the bill of exceptions, that Stewart became the guardian on the 24th December 1845, and that the ward has resided with his mother ever since his father's death; that the ward was still of tender years, having been born in Feb. 1843, being his mother's only child. It appears that the Orphans' Court refused to allow for the money paid for the board, or any part thereof. It further appears by the bill of exceptions that the mother and child both had small estates, nearly equal in value, and it is to be infered these payments were made out of the principal of the funds in the guardian's hands.

The question arises whether the mother is compelled to maintain her infant child while it has some estate of its own, she being in limited circumstances. In a similar case in Massachusetts, it was held, that the mother was not bound to support her infant children, who could support themselves,

and in this opinion we concur, especially if she is in low cir-
cumstances.—Whipple v. Dow and Wife, 2 Mass. Rep. 415.
And the same doctrine was re-asserted in Dawes v. Howard,
et al. 4 Mass. Rep. 97, in which the court cites a passage from
Comyn's Digest, Chancery 3, O. 1, 2, 3, R. 6, that "the court
may make a liberal allowance out of the infant's estate to the
mother, or a guardian who is in distressed circumstances."

The bill of exceptions in the present case would have been
more satisfactory, if it had shown that the mother had indi-
cated an intention to charge for the board of her child as far
back as her accounts extended. On the other hand, however,
she had the rightful custody of it—there was no guardian then
to whom she could make her intention known. It does not
appear either, at what particular time or times her accounts
for the board were paid, or that she ever expressed her inten-
tion to charge, before the time of payment. Presuming
against the bill of exceptions, in consequence of these omis-
sions, we conclude that the guardian paid for the board at, or
shortly before the time when the proceedings for final settle-
ment were commenced, and that the infant's mother never de-
clared her intention to claim compensation for its board until
about that time. This is putting the question in its strongest
light against the claim of the guardian to be allowed for these
payments. Still, if she were entitled either in law or equity
to recover for board, these payments ought to have been al-
lowed.

In general, a father is not entitled in any form to compen-
sation for the support of his infant children. But this rule has
its exceptions. In Reeves v. Brymer, 6 Vesey, 425, a father
was allowed for expenditures made in support of his infant
daughter, before the master's report. It had been the practice
not to allow for support in such cases, previous to an appli-
cation for the purpose, and a report from the master, and then
and still only in proper cases. But in the case cited, the Lord
Chancellor expressed his approbation of the practice as alter-
ed by Lord Rosslyn, and made the order for the allowance.
And in a subsequent case, the Lord Chancellor made an or-
der, allowing to a father for the time past, as well as for the
time to come.—Sherwood v. Smith, 6 Ves. 454. There are
other cases still to the same effect.

But at a subsequent period, the Master of Rolls, according to what he understood to be the then present practice, limited the practice as stated in Vesey, cited above, but said that the court might, in a special case, direct an inquiry as to the propriety of an allowance to the father for past maintenance of the infant.—*Exparte*, Bond, 2 Mylne & Keene, 439. We do not doubt the propriety of thus limiting the practice as to a father's claim for past maintenance of his child, but it is altogether a different question as to a mother's claim, who is not bound to support it if it can be supported out of its own estate, certainly not if she is poor, as in this case. This is one of those special cases, in which it is very clear that an allowance might be made for past maintenance. It is upon the mere equity of the case that such an allowance is made. It is therefore immaterial whether the mother exhibited her claim at the time it commenced or not.

When a mother and her children take the estate of the husband and father under the statute, and the infants remain with her and are supported by her, we think she is, in general, entitled to an account for their support.—Wilkes and Wife v. Rogers, 6 Johns. 565. It is, therefore, our opinion that the mother had a right to be compensated for the board of her infant child, which, it appears, the guardian paid. Whether he paid too much or not, is a different question, that can be decided by the Orphans' Court.

There is still a question, however, whether the guardian could appropriate, without leave of the court, any portion of the capital or principal of the infant's estate in its maintenance, or for its debts. In England they cannot dispose of the principal of the funds of their wards in any case, without leave of the chancellor.—4 Mass. Rep. 99; 3 Daniel's Chan. Plead. & Prac. 2088. But in this State, it is enacted, that if the personal estate, and rents and profits of the real estate, be not sufficient for the maintenance and education of the ward, the Orphans' Court, on full investigation thereof, may order the guardian to sell such parts of the ward's lands, tenements and hereditaments as they shall direct, &c.—Clay's Digest, 268, § 6. But in the present case, as we infer from the bill of exceptions, the guardian paid the mother's account for board out of the principal, not the interest of the funds of the ward

in his hands, and this without the order of the chancellor, or of the Orphans' Court. This was at his peril. But if it were a payment which, on application, the chancellor or the judge of the Orphans' Court would have ordered, the guardian should be allowed for it.

Let the decree of final settlement be reversed in respect of the payment for the board to the mother of the ward, and settled in conformity with the principles of this opinion.