(95 South. 170)

### NELSON et al. v. CORNELIUS et al.
### (6 Div. 707.)

(Supreme Court of Alabama. Feb. 1, 1923.)

1. Appeal and error ⬅78(5)—Orders overruling and sustaining exceptions to report of register not a "final decree" from which appeal lies.

Where the purpose of reference was, under a decree, for the register to ascertain and report the amount of indebtedness against an estate and to whom due, so that the court could afterwards make proper orders in administration, a subsequent decree overruling exceptions of complainants and sustaining exceptions of defendants to the register's report that did not confirm or reject any part of the register's report, except probably by inference, was not a final decree authorized by Code 1907, §§ 2837–2840, and 2845, from which an appeal lies to the Supreme Court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. Appeal and error ⬅1—Appeal only from decree authorized by statute.

In view of Code 1907, § 2837, an appeal must be taken from a decree authorized by statute to confer jurisdiction on the Supreme Court, otherwise the appeal will be dismissed.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Bill by Mrs. F. S. Nelson and others against Mrs. Rena Cornelius and others. From the decree, complainants appeal. Appeal dismissed.

D. Isbell, of Guntersville, for appellants.

The brief of counsel is upon the merits of the cause, and does not discuss the matter of dismissal of the appeal.

Russell & Johnson, of Oneonta, for appellees.

The decree appealed from will not support an appeal. Code 1907, §§ 2837–2841; 168 Ala. 469, 53 South. 228.

MILLER, J. This is a bill filed by Mrs. F. S. Nelson and others against Mrs. Rena Cornelius, individually, and as administratrix of the estate of James T. Nelson, deceased, and others.

James T. Nelson died intestate, and left surviving him no children or their descendants, but left a widow, Rena Nelson, who afterwards married R. V. Cornelius, and the complainants, who are his brothers and sisters.

The bill avers that James T. Nelson died seized and possessed of about 217 acres of land, and that Rena Cornelius is administratrix of the estate. The bill seeks to remove the administration and settlement of the estate from the probate court to the circuit court, in equity; to ascertain the actual debts or claims against the estate; to enjoin any further attempt to sell the lands of the estate by the probate court; to enjoin Rena Cornelius from further cutting, destroying, or giving away the timber on the land; to cancel a deed conveying certain parts of said land to Rena Cornelius that belonged to the estate; and for other relief not necessary to be mentioned here.

The bill was verified by affidavit; the tem-

porary injunction prayed for, issued; and the administration of the estate was transferred from the probate court to the circuit court in equity.

The cause was submitted on petition of respondents to dissolve the injunction on the original bill, answer, and other testimony noted. The motion or petition to dissolve the injunction was denied and overruled by decree of the court on February 12, 1921; and in said decree the court made these further orders, to wit:

"This case is set down to be heard March term, 1921, of the circuit court of Blount county, and both sides required to try at that time, and all other matters are reserved. It is further ordered that it be referred to the register of this court to ascertain the amount of the valid indebtedness against the estate, and, in making said investigation and in holding said reference, the register is authorized to call before him such witnesses and such documentary testimony as either side may propose, and thereby ascertain the indebtedness of said estate, the amount of same, and to whom due, and said register shall preserve this testimony for the use of the court and said report to be made by the register not later than the fourteenth day of March, 1921: this the 12th day of February, 1921."

Under this decree the register held a reference and made written report thereof to the court on May 31, 1921. The complainants filed exceptions to this report of the register, and the defendant Mrs. Rena Cornelius filed exceptions to it. On September 24, 1921, the court entered a decree on the foregoing report of the register, which reads, in full, as follows:

· "This cause coming on to be heard was submitted for decree upon the report of the register for his acts and doings in and about the execution of a reference authorized by a decree of this court dated February 12, 1921, and the exceptions of the complainant and of the respondent thereto, and now on this day, September 24, 1921, the court having read and understood the same, the court is of the opinion that the exceptions filed by the complainant are not well taken, it is therefore ordered, adjudged and decreed by the court that they be and hereby are overruled, and upon further consideration, the court is of the opinion that the exceptions filed by the respondent to the report of the register are well taken, it is therefore ordered, adjudged and decreed by the court that the same be and hereby are sustained. This the 24th day of September, 1921."

[1] From this decree the complainant made written application for, gave bond for, and secured an appeal to this court on December 13, 1921. Is this a decree upon which an appeal to this court can be based? We think not. It is not an interlocutory order or decree from which an appeal will lie and which is authorized under sections 2838, 2839, 2840, and 2845 of the Code of 1907.

208 ALA.—44

Is it a final decree under section 2837 of the Code of 1907, from which an appeal may be taken to this court? We think not. It denies and overrules the exceptions of the complainants and sustains the exceptions of the defendant Rena Cornelius to the report of the register. It does not by decree even confirm or reject in whole or in part the report of the register, except probably by inference. The object and purpose of the reference was, under the decree of February 12, 1921, for the register to ascertain and report the amount of the valid indebtedness against the estate and to whom due, so the court could afterwards make proper orders in the administration of the estate. This report was neither confirmed nor rejected directly by decree of the court, and the names of the creditors of the estate and the amount due each is not fixed and determined by the decree. In Adams v. Sayre, 76 Ala. 517, this court wrote:

"It is the settled doctrine of this court, that, as a general rule, there can be but one final decree upon the merits of a chancery cause, which is required to settle all the equities litigated, or necessarily involved, in the issues of the particular suit. The policy of the rule is found in the indisposition of the appellate courts to multiply appeals, by undertaking 'to review litigated cases by piecemeal.' Randle v. Boyd, 73 Ala. 282. A decree may, nevertheless, be partly final, and partly interlocutory; final, so far as it determines all issues of law and fact, constituting the equities proper of the cause, and interlocutory as to ulterior proceedings regulating its mode of execution. There may be, therefore, and often are, under our system of chancery practice, two final decrees in the same cause; the one settling the substantial merits of the case, and the other based on the final report of the register, upon an account taken between the parties computing damages, from each of which an appeal will lie to this court. Malone v. Marriott, 64 Ala. 486; Jones v. Wilson, 54 Ala. 50; Walker v. Crawford, 70 Ala. 567."

The appeal in that case was from a decree overruling exceptions to the report of the register, confirming the register's report, and—

"declaring the mortgage satisfied, directing the register to enter satisfaction on the records, and requiring Adams to surrender the possession of the property; and he further rendered a money decree against Adams, for the balance of $256, in favor of the complainant, and ordered the costs to be equally divided."

That was a final decree in the Adams Case, confirming the register's report, declaring the mortgage satisfied, directing the property to be surrendered, rendering decree for $256 against Adams in favor of complainant, and ordering cost to be equally divided between the parties.

This decree of September 24, 1921, from which this appeal is prosecuted, is not one

of the two final decrees named in the Adams Case, supra, from which an appeal may be prosecuted in this cause. All the merits or equities proper of the cause under the issues of fact are not settled by this decree. The cause has not yet been submitted on the bill, demurrers to it, and answer to it for a decree on all of the equities and facts litigated; and it is not a decree based on the final report of the register taken between the parties, settling all matters and disposing of the cause and taxing the cost thereof. Adams v. Sayre, 76 Ala. 517. The estate has not been partially or finally settled. It is still pending in the court. The cause is still in fieri on the bill, answer and demurrers to it, and for final settlement of the estate. This decree is simply interlocutory, from which no appeal lies to this court. Sections 2837, 2838, 2839, 2840, and 2845 of the Code of 1907; Adams v. Sayre, 76 Ala. 517; Walker v. Crawford, 70 Ala. 567; Wynn v. Tallapoosa Bank, 168 Ala. 469, 53 South. 228; Cochran v. Miller, 74 Ala. 50.

[2] This decree will not support an appeal to this court. It is not authorized by statute. The appeal must be taken from a decree authorized by statute; if it is not, then this court has no jurisdiction of the cause, and the appeal must be dismissed. Section 2837, Code 1907; Martin v. Ala. Power Co. (Ala. Sup.) ante, p. 212, 94 South. 77; Lathrop Lbr. Co. v. Pioneer Lbr. Co., 207 Ala. 522, 93 South. 427.

The appeal is dismissed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.