KELLEY *v.* KELLEY.[*]

(Division B. Feb. 6, 1928.)

[115 So. 428. No. 26928.]

GUARDIAN AND WARD. *Refusal of ten dollars each per month from minors' estate for their support, asked by mother earning fifty dollars per month held error.*

On application of a parent for allowance for support of minor children, where the petitioner is only earning fifty dollars a month and the children have an estate of one thousand five hundred forty-seven dollars and thirty-six cents each, and the proof shows without dispute that it would cost ten dollars each for the support of the children, the order of the chancellor denying said amount will be reversed and judgment rendered for the sum on appeal.

---

[*]Corpus Juris-Cyc. References: Guardian and Ward, 28CJ, p. 1121, n. 9 New; As to power of court to authorize expenditures of principal of ward's estate, see annotation in 5 A. L. R. 651; 12 R. C. L. 1159.

APPEAL from chancery court of Simpson county.

HON. T. P. DALE, Chancellor.

Action by Mrs. Irene Kelley against L. M. Kelley, guardian of the estate of her two minor children, for an allowance for their support. From a decree for less than she asked, plaintiff appeals. Reversed and judgment entered for plaintiff.

*W. M. Lofton,* for appellant.

*Hilton & Hilton,* for appellee.

ETHRIDGE, P. J., delivered the opinion of the court.

The appellant, Mrs. Irene Kelley, is the mother of two minor children, and the appellee, L. M. Kelley, is the grandfather and guardian of the children. The children lived with their mother, who boarded them at the home of her father, paying twenty dollars a month for herself and ten dollars each for the minor children. The children were nine and six years of age, respectively, and were attending school. Their mother, the petitioner, was earning fifty dollars a month salary as an employee of a bank, and had an additional income of twelve dollars and fifty cents a month which she received from the rent of a small house owned by her in the town of Braxton. The minors each had the sum of one thousand five hundred forty-seven dollars and thirty-six cents, which was intrusted to the care of their paternal grandfather, appellee here.

Appellee resisted the petition of appellant for an allowance of ten dollars a month for each of the children, and contended that an allowance of five dollars for each child was sufficient. The facts above stated, as to the earnings of the mother, were without dispute, and the appellee himself testified that he could not buy what it took for his board, if he had to buy it, for ten dollars a month, and that the children would consume as much as

he, an adult, would, but he said, if the mother would live at the home in Braxton, he would furnish them some things in the way of assisting them to live. He further testified that he had never furnished anything and that he had never been requested to do so.

The chancellor denied the petition for ten dollars a month, but allowed five dollars a month in accordance with the wish of the guardian, the appellee, and the appeal here is from this decision.

We think it appears conclusively from the testimony that it would require ten dollars a month for the support of each child. It is not disputed that the mother was paying ten dollars each for their board, and, in addition, buying clothes and books for them to attend school. We think, however, from the testimony, which is undisputed, that it would require ten dollars, or more, to support the children; and, as the mother is earning only fifty dollars a month, supplemented by the twelve dollars and fifty cents received from the rental of her home, from which taxes and repairs must be deducted, it was error for the court to disallow the claim as prayed for. We do not see how the mother can feed and clothe the children comfortably, under the circumstances, for a sum less than that asked for in the petition. The decree of the chancellor will therefore be reversed, and judgment rendered here allowing the petitioner ten dollars a month for each of the children until further order of the court.

*Reversed, and judgment here.*