(120 So. 167)

## SMITH v. SMITH. (8 Div. 11.)

Supreme Court of Alabama.   Dec. 20, 1928.

Rehearing Granted Feb. 2, 1929.

R. E. Spragins, of Huntsville. and Wert & Hutson, of Decatur, for plaintiff.

Douglass Taylor, of Huntsville, for defendant.

FOSTER, J.   The record in this case shows Margaret E. Smith, appellee and cross-appel-lant, sued appellant for divorce and alimony, alleging voluntary abandonment. Formal denial of the allegations of the bill was made in answer. Final decree was entered July 14, 1923, granting a divorce and providing as permanent alimony $150 monthly. It was further decreed that the cause be retained, and that the decree was subject to change or modification as to the amount of alimony at any time in the future.· On January 11, 1926, appellant filed a petition in said court alleging a change of circumstances since the final decree, and seeking a modification of said decree and that he be relieved from further payment of alimony. The petition was answered, and came on for hearing before the two judges of the circuit court sitting jointly, before whom the testimony was taken orally. Upon hearing such testimony the judges both signed and entered a decree modifying said former decree of alimony, so as to reduce the amount thereof from $150 to $100 per month. Both parties on the same day procured an appeal, each giving security for costs, and each separately assign errors. There is no application to this court for mandamus to review said decree reducing the amount of alimony. Neither party has moved to dismiss the appeal of the other.

This court has held in several cases that such a decree on a petition of this nature will not support an appeal. Gabbert v. Gabbert, 217 Ala. 599, 117 So. 214; Buttrey v. Buttrey (Ala. Sup.) 118 So. 282;[1] Buttrey v. Buttrey, 214 Ala. 465, 108 So. 35. The question was fully considered by the court in the last case mentioned, and treated as follows: "Following by analogy the holding of this Court in Hayes v. Hayes, 192 Ala. 280, 68 So. 351, we are of opinion such an order does not constitute a final decree within the contemplation of our statute for appeals from final decrees, but is of an interlocutory character, from which no appeal is provided." Whereupon the appeal was dismissed.

When jurisdiction to modify an alimony allowance is retained in the final decree, a subsequent petition and proceedings to effect such modification are not of the nature of an original cause justifying appeal from a decree thereon.

Having concluded that the decree will not support an appeal, it follows that the appeal must be dismissed without motion to that end. This question has also been fully considered and determined by this court. In the case of Jackson v. Jackson, 211 Ala. 277, 100 So. 332, on this subject, the following ruling was made: "The decree is not such as has been made by statute to support an appeal before final decree. The question presented is jurisdictional, and jurisdiction cannot be conferred by consent. Richardson v. First Nat. Bank of Gadsden, 119 Ala. 286, 24 So. 54; Nabers, Receiver, v. Morris Min.

---

[1] Ante, p. 268.

Co., 103 Ala. 543, 15 So. 850; Barclay, Assignee, v. Spragins, Adm'r, 80 Ala. 357. That is to say, the appeal must be dismissed by this Court ex mero motu, for the reason that the Court has no jurisdiction to hear and determine the matter sought to be presented for review, when an appeal as sought to be taken is not authorized by law." To the same effect are the following decisions of this court: Nelson v. Cornelius, 208 Ala. 688, 95 So. 170; Martin v. Ala. Power Co., 208 Ala. 212, 94 So. 76; Lathrop Lumber Co. v. Pioneer Lumber Co., 207 Ala. 522, 93 So. 427; Hayes v. Hayes, 192 Ala. 280, 68 So. 351.

Based on the foregoing authorities, and for the reasons above stated, it is ordered that both appeals in this case be dismissed, and the costs of appeal taxed equally between the parties.

Appeal dismissed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, J. In response to an application for rehearing we have further considered the nature of the decree from which this appeal is taken.

We are cited to our case of Morgan v. Morgan, 211 Ala. 7, 99 So. 185, as authority opposed to the former opinion in this case. We recognize that our former opinion in this case is not in accord with it. We also note that the cases of Gabbert v. Gabbert, and the two cases of Buttrey v. Buttrey, supra, and Bahlman v. Bahlman (Ala. Sup.) 119 So. 210,[1] are also in conflict with it, and they cannot be reconciled. After a review of them all and the principles which apply we think we should follow the Morgan Case, supra. This necessitates overruling the Gabbert Case, and the two cases of Buttrey v. Buttrey, supra, and the Bahlman Case, supra, and we therefore accept that result and overrule them, in so far as they conflict with this opinion.

[1] Ante, p. 519.

This does not affect the holding in the case of Brady v. Brady, 144 Ala. 414, 39 So. 237, which is not in conflict with, but presents a different situation from, the Morgan Case, supra, as therein pointed out.

The result now reached leaves the situation where an appeal lies to this court from a decree of the circuit court in equity, either denying or granting a petition to such court praying for a modification of an allowance made as permanent alimony in a decree rendered therein on final hearing, whether such latter decree is in a proceeding for a divorce, or one solely for alimony, and whether the allowance makes provision for the wife alone, or for her and children; and it is immaterial to this question whether such final decree reserved control over said allowance or not, but the decree on such petition must finally dispose of the same. It is also immaterial to the question whether thereby further control is reserved in the decree sought to be reviewed. We repeat that the rule announced in the Brady Case, supra, is not hereby affected, but remains in effect, so that an appeal will not lie to this court to review a decree fixing or modifying or denying a petition to fix or modify an allowance of alimony pendente lite, and that such ruling may only be reviewed in this court by mandamus.

We now proceed to review the record on the appeals taken by both parties from the decree of the court modifying the final decree of divorce, which also fixes a monthly allowance as permanent alimony. We have considered all the evidence in the case which was taken orally in the presence of both the judges of the circuit, upon which they entered a decree reducing the monthly allowance from $150 to $100. We will not undertake to review the evidence, as we think it would not serve any useful purpose here. We will content ourselves in this connection by stating that in our opinion the decree of the court modifying such allowance is fully justified by the evidence, and on both appeals the decree of the circuit court is affirmed.

Affirmed.

All the Justices concur.