(127 So. 819)

AIKEN v. AIKEN.

6 Div. 532.

Supreme Court of Alabama.

April 10, 1930.

68

Vaughan & Davis, of Birmingham, for appellant.

Eugene H. Hawkins, of Birmingham, for appellee.

BOULDIN, J.

This proceeding is to review a decree denying the petition of the husband to modify a decree for permanent alimony upon divorce because of changed conditions affecting the financial status of the husband.

■ Where a decree for permanent alimony is not for a lump sum, nor otherwise indicative of a division of property merely, but a monthly allowance for the wife's maintenance, running into the indefinite future, and payable, if need be, from the future earnings of the husband, the court has power to modify the same because of changed conditions of the parties, whether such power be expressly reserved or not.

This rule has been recently declared after a review of our former decisions by the full court, and may now be regarded as the settled law of Alabama. Epps v. Epps, 218 Ala. 667, 120 So. 150.

■ In the same connection, and during the same sitting of the court, we reviewed our former decisions as to the method of review, and declared that a decree finally disposing of the matter presented by such petition is a final decree, and therefore reviewable on appeal, notwithstanding it may be subject to future modification because of changed conditions. This may also be now regarded as the settled rule. Smith v. Smith, 218 Ala. 701, 120 So. 167; Bailes v. Bailes, 220 Ala. 177, 124 So. 215.

On filing the petition to modify, a reference was had to the register. He heard the testimony orally, and made his report finding the payment should be reduced from $100 to $80 per month. The court sustained exceptions to this report, and dismissed the petition.

■ Appellant relies upon the presumption in favor of the report of the register in such cases. The evidence was without conflict, consisted of the testimony of Dr. Aiken, the petitioner, alone. If the credibility of his testimony was involved, the presumption in favor of the register's finding would obtain as in other cases. But, taking his testimony as true, no presumption will be here indulged in favor of the opinion of the register over that of the trial judge, as to whether the uncontroverted evidence makes a case for modification of the allowance.

The wife was granted a divorce upon the ground of adultery. A decree for permanent alimony of $100 per month was entered by agreement.

We must proceed on the assumption this decree was equitable and fair.

Any anticipated increase in income on the part of the husband at that time, which may not have materialized, cannot be considered.

There has been no change in the status of the wife. She has no income of her own.

The husband's income has not decreased, but has slightly increased since the original decree was entered. As a physician in the United States Veterans' Bureau, his salary was rated at $3,800 per annum at that time, and has been now increased to $4,000. Subject to certain deductions, his net salary was then about $300 per month, now it is $310 to $320.

■ As to health, petitioner says: "My health is fair, defect in hearing, intestinal trouble, and outside of that all right." He is forty-six years of age. It further appears the defect of hearing calls for an instrument involving an outlay of $75, and upkeep of $3 or $4 per month.

The nature of the intestinal trouble is not stated, and it is not shown to have developed since the original decree was entered. The additional expense due to defect in hearing and treatment of intestinal trouble is placed by him at $4 to $5 per month. It thus appears the added expense for these causes does not equal his increase in income.

He has since remarried, and it appears some additional expense results from keeping house instead of boarding as before.

■ The allowance for alimony due the former wife cannot be reduced because of his

remarriage and resulting expenses. 19 C. J. p. 266, § 627, and note 5.

The only remaining fact in evidence is subsequent loss of property interests valued by the witness at $5,000. This was not income-bearing property, but equities in real estate, and some paid-up insurance. This loss is attributed to an unprofitable business venture, rendering him unable to carry mortgages on the land, leading to virtual loss in one case and a sale to his present wife in another. A small indebtedness of some $325 has arisen from such reverses and increased expenses.

We may reasonably find these changed conditions affect in some measure his prospects of getting ahead. But we do not find here such substantial change in the income and necessary burdens of the husband as warrants the modification of the decree for alimony in favor of his former wife.

Affirmed on appeal. Mandamus denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.