**BRIDGES v. BRIDGES.**

6 Div. 333.

Supreme Court of Alabama.

May 18, 1933.

Rehearing Denied June 22, 1933.

Thos. J. Wingfield, of Birmingham, for appellant.

Clark Williams, of Birmingham, for appellee.

FOSTER, Justice.

This is a bill filed by a divorced wife against her former husband, and seeks to have entered a decree making provision for the support of their minor child, and that its custody be awarded to her.

The bill shows that the decree of divorce neither awarded the custody of the child nor made provision for its support and maintenance, but alleges that she and respondent agreed that the respondent should pay complainant $30 a month for that purpose, and that, though he is well able to do so, and has an income of, to wit, $200 a month, he declines to pay her more than $15 a month, and that such amount is inadequate for that purpose.

The theory which appellant invokes, that the chancery court loses control of such matters when it renders a decree of divorce without reservation, has been abandoned by this court. Epps v. Epps, 218 Ala. 667, 120 So. 150; Ex parte Allen, 221 Ala. 393, 128 So. 801; Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Aiken v. Aiken, 221 Ala. 67, 127 So. 819.

When the decree embraces the subject, the chancery court, without a reservation of the power, may upon a change of circumstances at any time thereafter modify the provisions of the decree to meet such changed conditions. Authorities supra.

The nature and effect of an agreement between parents fixing the amount of the provision for the maintenance of the child have been discussed and largely settled in our case of Worthington v. Worthington, supra. Such an agreement is not conclusive upon the court of chancery since it pertains to the welfare of infants, but it is subject to change or approval by that court as the circumstances may justify. Worthington v. Worthington, supra; 19 Corpus Juris, 251.

In the decree of divorce, that court could have provided for the custody of the child and its support and maintenance, but, whether so or not, a proceeding thereafter concerning such matters may be begun in the same court by supplemental proceedings, though they are treated in many respects as original (19 Corpus Juris, 353, 354, 355), with the right to review by appeal as any other original proceeding. Smith v. Smith, 218 Ala. 701, 120 So. 167. The chancery court has general jurisdiction respecting the duty of the father to support his minor children. Gabbert v. Gabbert, 217 Ala. 599, 117 So. 214. And any pleading which shows upon its face that the welfare of an infant requires an order in respect to its custody and support is sufficient to invoke equity jurisdiction. 31 Corpus Juris, 993, § 12; Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Blackburn v. Moore, 206 Ala. 335, 89 So. 745.

It is no objection to a bill which seeks to have the custody of an infant fixed by court decree that complainant then may have its actual custody, but by no adjudged right, nor by the order of any court, if the bill shows that it would better serve the welfare of the infant that the court should assume jurisdiction and make suitable decree for its custody.

We think that complainant has not mistaken her remedy as indicated by the allegations of the bill, and that it was properly filed to invoke the relief sought.

The demurrer did not point out substantial defects in the bill, and it was properly overruled.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.