165 So. 778

**FARMER v. COLEMAN.**

**4 Div. 856.**

Supreme Court of Alabama.

Feb. 13, 1936.

L. A. Farmer, of Dothan, for appellants.

Farmer, Merrill & Farmer and G. M. Harrison, all of Dothan, for appellee.

GARDNER, Justice.

Hattie Cameron was the duly appointed guardian (1924) of her two minor children, Marie and Walter Messer, ten and eight years of age, respectively. In 1926 said guardian, by proper proceedings, obtained an order from the probate court for a sale of fifteen acres of land belonging to said minors to be used in their maintenance and education (section 8182, Code 1923), and the proceeds of the sale amounted to $400, constituting the entire estate of the minors. Their father was dead, and they lived on a small tract of land with their mother and stepfather, R. H. Cameron, for a period of twenty-seven months after the sale and until January, 1929, when their mother died, and the grandmother took them in charge.

The guardianship proceedings lay dormant until July, 1934, when petition for final settlement was filed. On such settlement the administrator ad litem for the deceased guardian filed the account showing receipt of the $400, and also the disbursements, including cost and attorneys' fees, together with the sum of $270 each for the maintenance and education of the minors for a period of twenty-seven months.

This latter sum for maintenance and education form in large part the basis of the objections interposed. The mother and guardian possessed no property, and had no income. Conflicting oral proof was offered before the judge of probate as to the reasonableness of the sum of $10 per month for maintenance and education of the minors, with due consideration given to the work they did at the home. All of this we have carefully considered.

█ The finding of the court on evidence ore tenus is given the weight of a jury's verdict. Rogers v. McLeskey, 225 Ala. 148, 142 So. 526.

█ It could very reasonably be inferred from the proof that the charge was proper as to amount, and that the work these children did at their farm home was only what was usually done by other children, like circumstanced, in the community. As to the reasonableness of the charge of $10 per month, the Mississippi case of Kelley v. Kelley, 149 Miss. 254, 115 So. 428, may serve as an illustration. It is to be borne in mind also that the obligation of the mother as to the maintenance of minor children is not coextensive with that of the father. The law imposes on the latter primarily, the duty and obligation to maintain and educate his minor children in a manner commensurate with his means, even though they may have property of their own. As to the mother, however, no such duty is imposed if the child has an

estate, or is able to earn a livelihood. Englehardt v. Yung's Heirs, 76 Ala. 534; Stewart v. Lewis, 16 Ala. 734; Davenport v. Brooks, 92 Ala. 627, 9 So. 153; Bean v. Harrison, 213 Ala. 33, 104 So. 244; Williams v. Williams, 202 Ala. 539, 81 So. 41.

The following excerpt from Englehardt v. Yung's Heirs, supra, will suffice for the principle of law here to be applied: "Where the mother has the ability, and her infant child is without means, and unable to earn a maintenance, the duty and obligation of support devolve on her; but the law does not impose the duty, if the child has an estate, or is able to earn a livelihood. Mowbry .v. Mowbry, 64 Ill. 383; Wilkes v. Rogers, 6 Johns. [N.Y.] 566. The distinction between the duty and obligation of the father and mother is, that the father, if of ability, is bound to maintain and educate his minor child, irrespective of any estate of the child; while the mother's duty and obligation are measured and limited by the ability or sufficiency of the estate of the child. If she, as guardian, or administratrix, or in any other fiduciary capacity, has the control and management of the child's property, the presumption, on a subsequent settlement between them, will be, in the absence of any manifest intention otherwise, that the support and education of the child are a charge on such property."

While there is some conflict on the question, it is observed that the above-noted rule adopted and long adhered to in this state is in accord with the current of authority elsewhere. 46 Corpus Juris 1261; 57 L.R.A. 729.

Nor did such obligation to support rest upon the stepfather. 46 Corpus Juris 1338; 57 L.R.A. 729.

The cases of Thompson v. Thompson, 92 Ala. 545, 9 So. 465, and Westmoreland v. Birmingham Trust & Savings Co., 214 Ala. 593, 108 So. 536, 46 A.L.R. 1201, had to deal with the matter of investment of surplus funds, and are here inapplicable.

Indeed, we think the principle recognized in the authorities first hereinabove noted is decisive of this case in view of the conflicting proof and the finding of the judge, which, on the facts presented, we are unwilling here to disturb.

And as to the matter of vouchers, argued by appellants (citing section 8204, Code; May v. Duke, 61 Ala. 53; Pearson v. Darrington, 32 Ala. 227, 228; Hutton v. Williams, 60 Ala. 133), the case of Englehardt v. Yung's Heirs, supra, is also decisive, in that under the circumstances here disclosed by the proof, the presumption is to be indulged that the support and education of the minors are a charge upon their property.

We find no reversible error. Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.