25 So.2d 439

### BROWN v. JENKS.
### 6 Div. 417.

Supreme Court of Alabama.
March 7, 1946.

Rehearing Denied April 11, 1946.

J. T. Johnson, of Oneonta, for appellant.

Roy D. McCord, of Gadsden, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer to the bill of complaint. The bill was filed by a divorced wife against her former husband and seeks the custody of their five year old boy.

The bill alleges that the divorce decree was rendered by the court wherein the present proceedings were instituted and that the respondent, who now has the custody of the child, refuses to allow complainant to visit the child or have his custody. The bill further avers that the complainant "is a woman of good moral character, fit and qualified to have the care and custody of said child, and has a good Christian home in which to rear said child," and "that the respondent is not a fit and suitable person to have the care and custody of said child." There is nothing in the bill to show the ground upon which the divorce was granted or in whose favor the decree was rendered. Nor is there anything in the bill to show what disposition, if any, the court made as to the custody of the child.

The demurrer attacks the bill for want of equity, for failure to allege facts showing the best interest of the child would be better served with complainant than respondent, and for failure to allege facts showing that the father is unfit to have the custody of the child. The demurrer also points out failure to allege that the complainant was free from fault in causing separation and divorce of the parties.

The court in the divorce decree had the power to provide for the custody of the child, but whether the decree so provided or not, the complainant has the right to institute these proceedings. Bridges v. Bridges, 227 Ala. 144, 148 So. 816.

Nicety in pleading is not required in a matter of this kind. The bill fairly alleges the fitness and qualification of the

598

mother to have the custody of the child and the unfitness of the father in this regard. As against the demurrer, we consider the allegations sufficient because as was said in Bridges v. Bridges, supra, "any pleading which shows upon its face that the welfare of an infant requires an order in respect to its custody and support is sufficient to invoke equity jurisdiction." Furthermore, there was no need to negative freedom from fault in causing the separation and divorce, because these matters are but an element of the issue of parental right and fitness for custody already made by the pleading. "Who was most to blame for the separation? This goes, not only to the question of parental right in the custody of the child, but to those ideals and qualities making for fitness in the culture and care of the child." Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580, 582.

We do not agree with the argument that the complainant carries an unusual burden of allegation in order to overcome the father's natural right to the child. For we have often said, "Where a child is of such tender age as to require the care and attention that a mother is especially fitted to bestow upon it, the mother, rather than the father, is the proper custodian, unless, of course, for some reason she is unfit for the trust." Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392, 393; see also Arnold v. Arnold, 246 Ala. 86, 18 So.2d 730; Knowles v. Knowles, 246 Ala. 228, 20 So. 2d 200.

Even though not raised by the demurrer, we pointed out that there is nothing in the bill to show that the divorce decree dealt with the custody of the child, because if it did and custody was granted to the father, then such fact can be shown in the answer and trial of the case restricted to change of conditions since rendition of the decree in accordance with our decisions. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580; Decker v. Decker, 176 Ala. 299, 58 So. 195; White v. White, ante, p. 405, 24 So.2d 763.

We do not consider that the demurrer pointed out substantial defects in the bill. The court acted correctly in overruling the demurrer.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.