25 So.2d 673

**SCOTT v. SCOTT.**

7 Div. 842.

Supreme Court of Alabama.

April 11, 1946.

Roy D. McCord, of Gadsden, for appellant.

Edw. B. Miller and E. G. Pilcher, both of Gadsden, for appellee.

SIMPSON, Justice.

The bill was filed by a divorced wife (appellee) against appellant, her former husband, and seeks to have entered a decree making provision for the support of their two minor children, the custody of whom had been previously awarded to the mother in the decree of divorcement. The appeal is from a decree overruling the demurrer to the bill.

It is shown by the averments of the bill that the father is able-bodied, a man of means and earning a livelihood, and fully capable of supporting and educating his said children, but is contributing nothing toward such support and education. It also appears from the allegations that the mother, though endeavoring to discharge this responsibility, is unable and without sufficient means to do so.

It is immaterial that in the decree of divorce no provision was made for the maintenance and education of the minor children of the parties. The equity court has full jurisdiction respecting the duty of the father to support his minor children (Bridges v. Bridges, 227 Ala. 144, 148 So. 816) and it devolved upon him to maintain and educate them in a manner commensurate with his means (Farmer v. Coleman, 231 Ala. 527, 165 So. 778; Chandler v. Whatley, 238 Ala. 206, 189 So. 751).

Any pleading which shows upon its face that the welfare of an infant requires an order with respect to its custody or support is sufficient to invoke the jurisdiction of equity. Woodruff v. Conley, 50 Ala. 304; Pearce v. Pearce, 136 Ala. 188, 33 So. 883; Bridges v. Bridges, supra.

It is no objection to the bill, then, that it is an independent suit in the same court where the divorce was granted. Whether so or not is immaterial, since the bill invokes the jurisdiction of the court for the purpose stated. The principle was thus reasserted in the Bridges case, 227 Ala. at page 146, 148 So. at page 816: "In the decree of divorce, that court could have provided for the custody of the child and its support and maintenance, but, whether so or not, a proceeding thereafter concerning such matters may be begun in the same court by supplemental proceedings, though they are treated in many respects as original (19 Corpus Juris 353, 354, 355), with the right to review by appeal as any other original proceeding. Smith v. Smith, 218 Ala. 701, 120 So. 167."

The insistence of appellant that the court is without jurisdiction because the divorce decree was rendered more than four months prior to the filing of the bill is likewise unsustainable, for the reason

stated, that the subject was of peculiar chancery jurisdiction, viz., a matter affecting the welfare of a child, and the pleading sufficed to invite the attention of the court in this regard.

Moreover, it appears that this bill is merely a supplementary petition in the same case, having for its purpose to require the father to support his minor children, which stipulation was omitted from the original decree and such decree, even without reservation of power may, any time thereafter, if the need arises, be modified to meet such a contingency. Bridges v. Bridges, supra; Ex Parte Allen, 221 Ala. 393, 128 So. 801; Aikin v. Aikin, 221 Ala. 67, 127 So. 819.

We think the bill properly invokes the jurisdiction of the court for the ends sought and that the trial court ruled correctly in overruling the demurrer.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.