33 So.2d 338

## CLECKLEY v. CLECKLEY.

### 5 Div. 435.

Supreme Court of Alabama.

Jan. 15, 1948.

Booth & Duncan, of Prattville, for appellant.

Omar L. Reynolds and Reynolds & Reynolds, all of Clanton, for appellee.

LIVINGSTON, Justice.

Two questions are presented for review by this appeal: One, the question of jurisdiction of the Circuit Court, in Equity, of Chilton County, of the subject matter; and, the other, the venue of the action.

Jim Cleckley, the appellee here, filed a bill of camplaint in the Circuit Court, in Equity, in Chilton County, against Beatrice Cleckley, the appellant here. The cause was submitted upon bill of complaint, decree pro confesso on personal service and testimony as noted by the register. Subsequent thereto, on the 25th day of August 1945, final decree of divorce was rendered, divorcing the said Jim Cleckley from the said Beatrice Cleckley for and on account of voluntary abandonment.

On October 23, 1945, Jim Cleckley filed a petition in the Circuit Court, in Equity, of Chilton County, praying that said petition be taken and considered by the court as a supplemental petition or as supplementary pleading to the aforementioned cause.

Appellant demurred to said petition in its aspects of venue. The court below overruled the demurrer, and from the decree overruling the demurrer defendant appeals.

The petition alleges that Jim Cleckley is a resident citizen of Chilton County, and that Beatrice Cleckley is a resident citizen of Autauga County. The petition further avers that the parties have a fourteen months old son (at the time this petition was filed), who is now in the custody, control and possession of Beatrice Cleckley in Autauga County. Petitioner seeks the custody of the minor, or the right of visitation at reasonable and proper times.

A copy of the divorce decree is attached to and made a part of the petition. It makes no mention whatever of the minor.

■■ The first point raised by appellant is that of venue. Where the defect is apparent on the face of the petition or bill of complaint, demurrer is the proper remedy for raising it. Hammons v. Hammons, 228 Ala. 264, 153 So. 210. In proceedings of this nature, the chancellor does not proceed upon the theory that the petitioner, whether father or mother, has a cause of action against the other, or indeed against anyone. He acts as parens patriae to do what is best for the interest of the child. He is not adjudicating a controversy between adversary parties, to compose their private differences. He is not determining rights as between a parent and child, or as between one parent and another. Ex parte White, 245 Ala. 212, 16 So.2d 500.

■■ In Bridges v. Bridges, 227 Ala. 144, 148 So. 816, we held that the court could have provided for the custody of the child and its support and maintenance, but whether so or not, a proceeding thereafter concerning such matters may be begun in the same court by supplemental proceedings, and, further, that any pleading showing upon its face that the welfare of an infant requires an order in respect to its custody and maintenance is sufficient to invoke equity jurisdiction. Brown v. Jenks, 247 Ala. 596, 25 So.2d 439. See, 27 C.J.S., Divorce, § 306, note 74.

■■ Furthermore, it is held that the domicile of the father is the domicile of the infant child, and cannot be changed without the consent of the father and the court. Ex parte Fletcher, 225 Ala. 139, 142 So. 30: see, also, 17 Am.Jur. 627, section 59, and authorities there cited. Venue was properly laid in Chilton County.

The theory which appellant invokes that the chancery court loses control of such matters when it renders a decree of divorce without reservation, has been abandoned by this Court. Bridges v. Bridges, and Brown v. Jenks, supra.

The demurrer was properly overruled.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.

LAWSON and SIMPSON, JJ., concur in result.

BROWN, Justice (dissenting).

The only question in this case is not one of general jurisdiction of courts of equity to deal with the custody of minors or their welfare, but is purely a question of venue, about which there should be no controversy, as the statute provides, "The bill must be filed in the county in which the defendant, or a material defendant, resides; * * *." Code of 1940, Tit. 7, § 294.

80

The question here is presented by demurrer to a petition or supplemental bill filed in the Circuit Court of Chilton County. Therefore, the allegations of the bill must be construed most strongly against the pleader. These allegations show that the complainant by a statutory proceeding for divorce filed in Chilton County against his wife, who was then a resident of that county, obtained a divorce on decree pro confesso and proof, and in that proceeding the question of the custody of the child, now in the possession of the mother, was not mentioned. Through the legal effect of that decree, the complainant shed all of his responsibilities to his former wife and in effect repudiated her. He showed no interest or solicitude for the baby in arms at that time. Since then the former wife, probably through necessity, has acquired a permanent residence in Autauga County and according to the averments of the bill, has the rightful possession of her infant child. The final decree terminated the statutory and limited proceedings for divorce (Martin v. Martin, 173 Ala. 106, 55 So. 632,), and after the lapse of thirty days from the date of rendition of that decree, ordinarily became final and conclusive as between the parties, as though the court had adjourned for the term.

The following cases cited in the majority opinion are inapt and without influence in this case, as the question of venue was not a question at issue in any of these cases. So far as appears both parties to the litigation lived in the same county, and in each of said cases the bill was an original bill, not a supplemental proceeding to any other case. Bridges v. Bridges, 227 Ala. 144, 148 So. 816; Brown v. Jenks, 247 Ala. 596, 25 So.2d 439; Barker v. Byars, 245 Ala. 223, 16 So.2d 504.

The power invoked by the bill in this case is not the statutory and limited power of a court of equity in connection with divorce, but is the general common law equity power exercised by courts of chancery in the interest of minors, wards of the state. The statute which prescribes the venue of such actions is for the benefit of the defendant and to prevent the defendant from being hauled from one part of the state to another to litigate with a complainant.

She had a right to be sued in the county of her residence, if she had a permanent residence. This right is guaranteed by the statute—the law of the State of Alabama. The case most nearly in point recently decided is Ex parte Davis, 249 Ala. 221, 30 So.2d 648.

In my judgment the demurrer to the supplemental bill was due to be sustained and the court erred in overruling it. I, therefore, respectfully dissent.