This appeal is the result of an order by the Circuit Court of Jefferson County, Birmingham Division, rejecting appellant's (Shirley Sparks Armstrong) request for child support. We reverse and remand.
Shirley Sparks Armstrong and Wallace Ray Sparks (appellee) were divorced in 1971. Pursuant to this divorce, Mr. Sparks received custody of the couple's minor son. Subsequently, the divorce decree was modified by agreement of the parties and Mrs. Armstrong obtained custody of the child. No agreement was made between the parties which obligated Mr. Sparks to furnish child support for the boy. Nor did the trial court include in its order modifying its original decree any provision for child support.
In late summer of 1977 Mrs. Armstrong filed a petition seeking child support. Her petition was denominated a "petition to modify" and alleged that a substantial change in circumstances had occurred which warranted the payment of child support by her former husband.
After a hearing ore tenus the trial court concluded that Shirley Sparks (Armstrong) had failed to show the material change in circumstances necessary to substantiate a modification of the original divorce decree (and subsequent modification thereof). Accordingly, the court dismissed Mrs. *Page 1013 
Armstrong's petition for modification. Mrs. Armstrong now seeks to have the lower court's order dismissing her petition reversed. Mr. Sparks has filed no brief in response to the arguments presented by his ex-wife on appeal.
At the outset we are compelled to note that there has never been a provision included in any of the prior modifications of the original divorce decree nor the original decree itself which required the husband to furnish support for his minor child. And although the parties apparently agreed between themselves that the husband was not obligated to provide support, this agreement was never adopted by any of the decrees regarding the domestic difficulties of the parties. Consequently, we do not feel that this action involves a petition to modify a prior award (or an absence of such award) of support. There has been no decree dealing with child support nor has there ever been a court sanctioned agreement which pertained to child support. Thus, there was nothing for the court to modify. The wife's action should have been treated as a supplementary petition to the agreement and court order by which she obtained custody of the child and as such the trial court had an obligation to order the husband to maintain and educate his child in a manner commensurate with his means.Scott v. Scott, 247 Ala. 598, 25 So.2d 673 (1946).
It is well-settled in this jurisdiction that when a divorce decree embraces the subject of a child's maintenance and custody a court, without reservation of power, may upon any subsequent change of circumstances modify its original decree to reflect the changed conditions. Tucker v. Tucker, 280 Ala. 608, 196 So.2d 724 (1967).
However, the doctrine of changed circumstances is relevant in child support cases only where the complaining party seeks a modification of an earlier award of support or requests that a decree incorporating a prior agreement dispensing with the obligation to provide support (or establishing the amount of support payable) be altered.
In instances where the divorce petition requests child support or where the decree of divorce (and subsequent modifications thereof) make no reference to an agreement between the parties concerning support and a supplemental petition is thereafter filed seeking support, a different standard applies. In this type of situation the rule is that the primary responsibility of support for the minor child rests with the father provided he is financially capable of providing such support. See Womble v. Womble, 56 Ala. App. 318,321 So.2d 660 (1975).
71 A.L.R.2d 1370 § 14 states:
 "Where a divorce decree provides for the custody or support of a minor child of the parties, it is generally held that the original order is res judicata on the existing state of facts, so that there must be a substantial change of circumstances before the court will amend the order for custody or support. . . .
 "If, however, the original decree makes no provision for the custody or support of a child of the marriage and the court did not adjudicate rights concerning the child, the doctrine of res judicata does not apply, and there is no need to show that the circumstances have changed since the divorce was granted in order to justify an amendment which provides for the custody or support of a child. West v. West (1928) 241 Mich. 679, 217 N.W. 924; Crooks v. Crooks (1946, Mo.App.) 197 S.W.2d 678; Roberts v. Roberts (1956, Mo.App.) 292 S.W.2d 596. See also Townsend v. Townsend (1938, Tex.Civ.App.) 115 S.W.2d 769, supra, § 12."
In Scott v. Scott, supra, a divorced wife filed an action against her former husband seeking a decree which would require the husband to provide support for the couple's children both of whom were in the wife's custody. The pleadings showed that the husband was financially capable of supporting the children although he was not furnishing money for their care because the divorce decree contained no provision regarding child support. After indicating that the wife had attempted to support the *Page 1014 
children but had been unable to do so, our supreme court said:
 "It is immaterial that in the decree of divorce no provision was made for the maintenance and education of the minor children of the parties. The equity court has full jurisdiction respecting the duty of the father to support his minor children (Bridges v. Bridges, 227 Ala. 144, 148 So. 816) and it devolved upon him to maintain and educate them in a manner commensurate with his means (Farmer v. Coleman, 231 Ala. 527, 165 So. 778; Chandler v. Whatley, 238 Ala. 206, 189 So. 751)."
Nor did the court consider the doctrine of changed circumstances to be applicable, stating:
 "It is no objection to the bill, then, that it is an independent suit in the same court where the divorce was granted. Whether so or not is immaterial, since the bill invokes the jurisdiction of the court for the purpose stated. The principle was thus reasserted in the Bridges case, 227 Ala. at page 146, 148 So. at page 816: `In the decree of divorce, that court could have provided for the custody of the child and its support and maintenance, but, whether so or not, a proceeding thereafter concerning such matters may be begun in the same court by supplemental proceedings, though they are treated in many respects as original (19 Corpus Juris 353, 354, 355), with the right to review by appeal as any other original proceeding. Smith v. Smith, 218 Ala. 701, 120 So. 167.'"
Accordingly, the court concluded that the wife's petition was a supplemental petition for the purpose of requiring the father to support his minor children, filed because the original divorce decree did not include a provision for child support. Thus, it was held that the trial court had jurisdiction to order the husband to provide support payments.
In the present case the original decree of divorce and the subsequent modifications thereof contained no references to the purported agreement between the parties dispensing with the husband's duty to furnish money for the support of his minor child. Consequently, the wife's petition to modify constituted a supplemental petition to the original divorce decree as modified to award her custody of the parties' son. And under that petition the husband was obligated to provide support for his child just as if the wife had sought such support at the time the court transferred custody of the child to her. Moreover, the wife's petition being merely supplementary to the decree by which she received custody of the child, it was not necessary for her to demonstrate a change in circumstances in order for her former husband to be required to furnish child support. It was sufficient for the court to order the husband to provide for the maintenance of his child if the evidence tended to show he was financially able to do so. In the present case the evidence demonstrated that in 1976 the husband's net income was $9,800. We believe that a yearly income of this amount indicates that the husband is financially able to provide some support for his minor child. Therefore, we reverse and remand the judgment of the trial court in order that it may determine the specific amount to be awarded as child support.
Appellant's request for attorney's fee on appeal is hereby granted and an award of $350 is made.
ATTORNEY'S FEE AWARDED.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1015