WRIGHT, Presiding Judge.
This is an appeal from summary judgment granted the defendant (appellee) Kenneth Jimmy King from a petition to modify and set aside the parties’ original divorce decree.
Patricia Lynn McPherson, appellant, and Kenneth Jimmy King were divorced, after twenty years of marriage, by final decree entered December 4, 1979. The decree incorporated an agreement between the parties providing for division of property, including the following pertinent provision:
“2. DIVISION OF PROPERTY.
(a) Husband will retain possession of the home jointly owned consisting of approximately 28 acres and the home place, and the Husband shall continue to make the payments on the mortgage, held by the First Southern Federal Savings & Loan Association, and shall keep the property fully insured, pay taxes, and maintain the property. Should the Husband elect to sell the home jointly owned, then and in that event, the Wife shall receive one-half (½) of the sale price, less expenses included in the sale.”
*550 The divorce decree does not provide for the disposition of the parties’ personal property, with the exception of certain life insurance policies and a jointly owned savings certificate. The parties had no minor children at the time of the divorce.
On April 5,1982, Ms. McPherson filed her petition to modify and set aside the divorce decree on the grounds of misrepresentation and changed circumstances. Ms. McPherson sought to have the court liquidate the assets owned jointly by herself and Mr. King and make an equitable division of the same. On December 20, 1982, the court granted Mr. King’s motion for summary judgment, and Ms. McPherson appeals that final order.
Rule 60(b), A.R.Civ.P., provides for relief from a final judgment or order by reason of fraud, misrepresentation, or other misconduct of an adverse party. Rule 60(b) further provides that a motion for relief on those grounds must be made within four months after the judgment is entered. Ms. McPherson’s motion to set aside her divorce decree was made more than two years after that decree was entered. She is therefore precluded from bringing such a motion. Id.; Wilkerson v. City Sales Company of Mobile, Inc., 374 So.2d 1333 (Ala.1979).
Ms. McPherson correctly states, however, that under Rule 60(b), she is permitted to bring an independent action on the judgment to set it aside for fraud upon the court. Rule 60(b) provides, in pertinent part:
“This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after entry of the judgment (or such additional time as is given by §§ 6-2-3 and 6-2-8, Code of Ala.) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.”
Less than three years had passed from the date of entry of the prior divorce decree at the time Ms. McPherson filed her petition to modify and set aside the decree. Ms. McPherson contends the trial court erred in granting the adverse motion for summary judgment because her petition constituted an independent action on the judgment. Ms. McPherson alleges that Mr. King committed a fraud upon the court when he: (1) misrepresented to her that he and she would divide the marital property at a later date without judicial intervention; and (2) failed to inform her of the finality of the property settlement.
In Brown v. Kingsberry Mortgage Co., 349 So.2d 564 (Ala.1977), the Supreme Court of Alabama relied on the definition of “fraud upon the court” found in 7 J. Moore & J. Lucas, Moore’s Federal Practice ¶ 60.33 (2nd ed. 1982):
“ ‘Fraud upon the court’ should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.”
349 So.2d at 568. The next sentence from that same passage of Moore’s Federal Practice is also instructive: “Fraud inter parties, without more, should not be a fraud upon the court....” Moore’s Federal Practice, supra.
It is clear from these sources that the alleged fraud in the present case did not constitute a “fraud upon the court.” Given the preference in our courts for finality of judgments, Stewart v. Stewart, 392 So.2d 1194 (Ala.Civ.App.1980), cert. denied, 392 So.2d 1196 (Ala.1981), Ms. McPherson was not due a hearing on her allegations of fraud.
Ms. McPherson also appeals the trial court’s grant of summary judgment against her petition to modify the prior decree upon a showing of material change in circumstances. Ms. McPherson contends that the mortgage payments, which by the prior decree were made the responsibility of Mr. King, are in the nature of periodic alimony, and may be so modified. The rule allowing modification of alimony is stated in Aiken v. Aiken, 221 Ala. 67, 68, 127 So. 819-820 (1930):
“Where a decree for permanent alimony is not for a lump sum, nor otherwise *551 indicative of a division of property merely, but a monthly allowance for the wife’s maintenance, running into the indefinite future, and payable, if need be, from the future earnings of the husband, the court has power to modify the same because of changed conditions of the parties, whether such power be expressly reserved or not.”
Ms. McPherson argues that because the mortgage payments are contingent upon the time when the house is sold, they are indefinite, and therefore may be modified upon a showing of changed circumstances.
According to Aiken v. Aiken, supra, permanent alimony is a monthly allowance for the wife’s maintenance. In DuBoise v. DuBoise, 275 Ala. 220, 227, 153 So.2d 778, 785 (1963), the Supreme Court of Alabama said that alimony “is payable in installments for the support of the wife and children.” (Emphasis added.) The husband’s common law obligation to support his wife is the basis of the alimony statute. Davis v. Davis, 279 Ala. 643, 189 So.2d 158 (1966).
Obviously, the mortgage payments in the instant case were not for the support or maintenance of the wife. Although the wife owns a half-interest in the mortgaged property, the husband is in possession thereof. Any benefit to the wife from the mortgage payments is incidental to her interest in the property and does not in any way contribute to her support and maintenance. Thus, the mortgage payments made by the husband do not constitute periodic alimony.
The agreement involved in this appeal and made a part of the parties’ divorce decree was prefaced by the statement: “Whereas, the parties desire to enter into an agreement with respect to their property rights....” The provision most directly involved in this appeal was under the heading, “DIVISION OF PROPERTY.” Thus, as in McEntire v. McEntire, 345 So.2d 316 (Ala.Civ.App.1977), it appears that the trial court intended that the husband’s payment of the mortgage liability be part of the property settlement.
“In contrast to an award of child support and periodic alimony, a provision for a property settlement in a decree of final divorce is not a continuous provision. After a lapse of thirty days from the date of rendition of the decree, a court of equity cannot modify a property settlement provision except to correct clerical errors.”
345 So.2d, at 319. Thus the mortgage payments made by the husband in the present case were not modifiable.
In an appeal from a summary judgment, this court looks to the same factors considered by the trial court in its ruling. Chiniche v. Smith, 374 So.2d 872 (Ala.1979). Summary judgment (Rule 56, A.R.Civ.P.) is only appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Bryant v. Morley, 406 So.2d 394 (Ala.1981). Viewing the facts of this case and all reasonable inferences therefrom most favorably to Ms. McPherson, the non-moving party, it is clear that she could not have recovered under any discernible set of circumstances. Id. Mr. King was entitled to summary judgment as a matter of law. We therefore affirm the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.