**529**

156 So.2d 622

**J. C. SMITH et al.**

v.

**Thomas E. DALRYMPLE.**

**7 Div. 571.**

Supreme Court of Alabama.

Sept. 26, 1963.

Beck & Beck, Fort Payne, for appellants.

Scott & Scott and J. A. Johnson, Fort Payne, for appellee.

PER CURIAM.

This is an appeal from a decree of the DeKalb Circuit Court, in equity. This decree neither grants nor denies complainants' relief as prayed for in the original bill and the subsequent amendment, but adjudicates and orders a reference to ascertain the balance due on the mortgage debt.

The appellants are the lineal heirs of Carrie Smith Spears, deceased, who a few months prior to her death executed and delivered to appellee (respondent in the court below) two promissory notes, each in the sum of $1,050.00, without interest, secured by a mortgage on some real estate which she owned.

Appellants filed a bill of complaint to enjoin the foreclosure of the mortgage, alleging that on payment of $600.00 the remainder of the alleged debt was released pursuant to a provision in the mortgage and that this amount had been paid.

The complaint further alleged that "at no time did the said Carrie Smith Spears ever receive from the said Thomas E. Dalrymple the sum of $2100.00, nor was it ever intended that said mortgage was to pay for (sic) that sum of money, and that the figures of $2100.00 were inserted without the knowledge or consent of Carrie Smith Spears, deceased, and is fraudulent and fictitious as the mortgage was given to secure the sum of Six Hundred Dollars as stated in said mortgage * * *."

In the amendment, complainants again allege that the mortgage instrument contains a provision as follows:

"Now if Billy Spears pays to Thomas E. Dalrymple $600.00 with $85.00 monthly payments beginning April 1, 1958, Thomas E. Dalrymple will release mortgage on Carrie Smith Spears farm."

. The amendment further alleged that it was the intent of the mortgagor that whenever the $600.00 was paid, that the mortgage would be released on the property so described in the mortgage; also, that in drafting the mortgage by the Notary Public, James O. Cobb, through fraud on the part of the respondent, that the true intent of the parties was not stated in the mortgage, and that instead of the word "retain" being in the mortgage as respondent contends, it was the intention of complainants' mother, and also respondent, that the word "release" would appear in the mortgage and effective after payment of $600.00. Reformation of the provision is prayed to make the mortgage speak the truth and the intention of the parties.

The answer of the respondent to the original bill and to the amendment thereof puts in issue the above allegations.

■ The cause was tried and submitted for final decree on the pleadings and testimony taken by depositions. The rule is, of course, that when the cause is tried in the court below in this manner, this court indulges no presumption that the trial court correctly found the facts, and on appeal, must sit in judgment on the evidence. Harris v. Harris, 251 Ala. 687, 39 So.2d 232 [1].

Three pivotal questions are before us. (1) Did the provision in the mortgage contain the word "release" or "retain" according to the contention respectively of the parties? (2) If the word was "release," was the $600.00 paid so as to effect a release of the balance of the alleged debt? (3) Was there any fraud perpetrated on the mortgagor as alleged in the complaint?

. The final decree of the trial court, after stating the contentions of the parties as shown in the pleadings, contains a paragraph as follows:

"From a careful reading and study of the testimony offered the Court has reached the conclusion it will not be necessary to decide that particular question [referring to the words "will release mortgage" or "will retain mortgage"] for the reason that it does not appear to the reasonable satisfaction of the Court that the sum of $600.00 was paid by Billy Spears or by any one else for him to Thomas E. Dalrymple in monthly payments of $85.00, beginning April 1, 1958, as set forth in said provision."

Then the decree proceeds to a properly worded judgment ordering a reference for the purpose of calculating and determining the balance due by the complainants under the mortgage, including interest and attorneys' fees, provided in said mortgage.

In accordance with our duty, we have made an effort to decipher the word in question, whether it is "release" or "retain," but all in vain. We procured an enlarged picture of the word and another of that portion of the mortgage where the word is written. These enlargements do not reveal or help us decipher this illegible word. We are frank to say that the word is so poorly written that its meaning would be largely guesswork and speculation.

There is no satisfactory testimony adduced upon which we can rely and ascertain a definite and positive intent of the scrivener when he wrote this word. The oral testimony of complainants' witnesses do not reasonably satisfy us that the word "release" was intended.

■ We agree with the trial court that the evidence is not reasonably satisfying, the burden being on the complainants, that $600.00 was paid in accordance with the provision if the word "release" was intended. If such was the intention of the parties, the condition of payment has not been met. There was only one disinterested witness for the complainants. His testimony was inconclusive and general, and not with sufficient positiveness to be impressive.

The two promissory notes; each in the sum of $1050.00, and the mortgage to secure this indebtedness were given in payment of one-half interest in a well drilling outfit or equipment which respondent sold to complainant, Billy Spears, a child of mortgagor; also, to include $100.00 in cash that respondent contends he loaned mortgagor contemporaneous with the execution of the mortgage.

We have read the text of all the evidence, have considered the documentary evidence introduced, and it is our opinion that the complainants have not carried the burden of proof so as to reasonably satisfy us that the material allegations of the complaint and the amendment thereto are true.

Complainants have not offered convincing evidence that would authorize this court to let them escape from the written and binding terms of the mortgage, the execution of which is not denied nor made an issue here.

It was probably a very poor business venture on the part of Billy Spears, and poor judgment on the part of his mother in mortgaging her land to secure the purchase price of the one-half interest in the equipment and business. This court cannot, on this appeal, act as a guardian for either and deny to this respondent on such inconclusive and general testimony the debt and the security witnessed by the solemn execution of the mortgage and the notes. The evidence will not sustain the prayer for relief.

A discussion in detail, witness, by witness, of the evidence before us, would be of no particular value to this opinion. We are in harmony with the findings of the trial court that the $600.00 has not been paid and no fraud has been perpetrated on the mother of the complainants.

The decree of the trial court is due to be affirmed and it is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Affirmed.

LAWSON, MERRILL, COLEMAN and HARWOOD, JJ., concur.