BRADLEY, Judge.
Plaintiff, Moore-Handley, Inc., a corporation, recovered a judgment against defendants, Samuel V. Nero, individually and doing business as Nero General Construction Company and Nero General Construction Company, separately and jointly, for $9,233.64 plus costs. Defendants appeal.
On November 30, 1977 plaintiff filed a complaint against defendants which contained three counts. Count One was for an open account between the parties for the period June 8, 1977 through October 28, 1977; Count Two for an account stated between the parties on June 8, 1977; and Count Three for merchandise, goods and chattels sold during the period from June 8, 1977 through October 28, 1977. The complaint was subsequently amended to add a fourth count for hardware and building materials furnished from December 1, 1975 through October 31, 1977. Attached to the complaint was a signed affidavit showing that defendants owed $7,956.03 due on account from June 8, 1977 with interest. The record does not show that a counter affidavit was filed by defendants.
The case was heard by the court sitting without a jury, and a judgment was rendered for plaintiff in the amount of $9,233.64 and costs.
The facts in the case show that defendants had been buying building materials and supplies from plaintiff for several years. Defendants would purchase the materials and supplies on account and would be billed monthly with a total amount owing appearing on each bill. Defendants did not complain to plaintiff that the bills were incorrect.
Defendant Nero admitted he signed the application for credit and the guarantee agreement that were attached to the complaint.
An employee of plaintiff testified that there was an unpaid, outstanding balance owed to plaintiff of $7,733.64 plus interest of at least $1,500.
Nero testified that he had received duplicate billings and that plaintiff was seeking a double recovery in many instances.
This case was tried before the court sitting without a jury. The evidence accepted by the court was developed ore *1045 tenus, or partly so, and where this is the case, the trial court’s judgment will not be disturbed unless it is contrary to the great weight of the evidence. Deal v. Houston County, 201 Ala. 431, 78 So. 809 (1918). Furthermore, a judgment entered by a court sitting without a jury is to be given the effect of a jury verdict and is not to be reversed on appeal unless plainly and palpably wrong. Thompson v. Mitchell, Ala., 337 So.2d 1317 (1976). In the instant case we do not consider that the trial court’s judgment is contrary to the great weight of the evidence, nor do we consider it to be plainly and palpably wrong.
Consequently, we find no merit to defendants’ contention that the trial court failed to give weight to evidence that plaintiff was attempting to collect twice from defendants for materials and supplies bought by Nero. The evidence presented a factual dispute for resolution by the trial court, and it resolved the dispute. No error here.
Defendants’ next argument concerns their allegation that the trial court’s judgment included an award of attorney’s fees for plaintiff.
Plaintiff’s complaint did include a request for the award of a reasonable attorney’s fee to plaintiff for being put to the expense of collecting the alleged indebtedness. The credit application signed by defendant Nero when seeking an extension of credit from plaintiff contained a provision whereby defendants agreed to pay a reasonable attorney’s fee should plaintiff be required to attempt the collection of any outstanding indebtedness which defendants might owe.
Notwithstanding the agreement of the defendants to pay an attorney’s fee for collection of a debt they had incurred or the request in plaintiff’s complaint for the award of an attorney’s fee, nothing in the record or the trial court’s judgment establishes that an attorney’s fee was included in the award of $9,233.64 to plaintiff.
The complaint set out a request for $7,733.64 as being the amount owed on account to plaintiff by defendants, and the testimony revealed that plaintiff was seeking interest on the amount owed of “at least $1,500.” When these two amounts, i. e. $7,733.64 and “at least $1,500,” are added together, the total amount comes to $9,233.64, the exact amount of the judgment. Thus, we conclude that the judgment included the amount sued for plus interest of $1,500, and no attorney’s fee was included in the judgment. No error shown here.
Finally, defendants say the trial court erred by admitting into evidence a credit application signed by Sam V. Nero when the credit application which had been attached to the complaint had been signed by Sam V. Nero, Jr. This, says defendant Nero, placed him in an unfair position because his defense was based on the premise that he was not the person against whom plaintiff was seeking a judgment for failing to pay the amount sued on.
To begin, defendant Samuel V. Nero admitted signing the application for credit with plaintiff that was admitted into evidence; further, the credit application in question was attached to the amended complaint that was served on defendants’ attorney. Consequently, we are unable to perceive that any harm was done defendants when they were made aware, prior to trial, that they had applied for credit and had agreed to pay for the materials and supplies bought from plaintiff. Furthermore, the question of whether defendants did sign the application for credit and did incur an indebtedness with plaintiff was a factual matter for the trial court to resolve. It did resolve the issue and we find no error in its action.
For the reasons above stated, we affirm the judgment of the trial court.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.