RUSSELL, Judge.
This case involves an action brought to recover monies owed under a contract.
A review of the record reveals the following undisputed facts: In July 1985 Geoffrey E. Reeder and Steve Reagan entered into a contract, whereby Reeder conveyed his business equipment and goodwill to Reagan for the sum of $26,000. Reagan paid $2,000 down and agreed to pay Reeder the contract balance in 48 installments of $500 per month. In November 1985 Reagan conveyed the business equipment and goodwill that he had purchased from Reed-er to Terry Favors, for a down payment of $5,500 and Favors’s agreement to assume responsibility for paying Reeder the remaining installments on the contract.
In September 1987 Favors discontinued regular payment of the monthly installments to Reeder. As a result, Reeder filed a complaint in the district court, alleging that Reagan was $3,500 in arrears. Reagan in turn filed a third-party complaint, wherein Reagan demanded judgment against Favors for any sums for which Reagan might be found liable on the contract with Reeder.
In July 1989 Favors and Reeder signed a written agreement that purported to release Favors from liability to Reeder in exchange for Favors’s payment of $1,000 to Reeder and Favors’s promise to pay the then outstanding installments. The court then placed the matter on its “Settled-Paying” docket. Subsequently, Reeder filed a motion for entry of a consent judgment against Favors, claiming that Favors had failed to make payment as required under the written agreement. Reeder’s motion was denied; however, the case was restored to the court’s trial docket.
In March 1990 Reeder filed an amended complaint, wherein he claimed that since the filing of the original complaint, additional installments had come due on the contract. Reagan’s motion to deny this amendment was overruled. The amended complaint alleged that Reagan owed $7,000 in past-due payments. As this total exceeded the district court’s jurisdictional limit, the case was transferred to the Circuit Court of Jefferson County.
A proceeding was held before the trial court in February 1991. . Reeder and Reagan were present, but favors did not appear. No actual testimony was taken and no transcript of the proceeding was made. Based on the pleadings and facts stipulated to by the parties, the court entered a judgment in favor of Reagan. Reeder’s subsequent motion for new trial was overruled, and he now appeals. We reverse and remand.
In his brief Reagan, the appellee, seeks to create doubt as to even the existence of the original sales agreement between him and Reeder, suggesting that nowhere in the record does it appear that such a contract exists. This court, however, does not share Reagan’s implied uncertainty. The record reveals that Reagan did not file any responsive pleading denying the allegations or substance of the claims regarding a contract between the two parties made by Reeder in his original and amended complaints. Rule 8(b), Alabama Rules of Civil Procedure, provides that a party “shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies.” “Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.” Rule 8(d), A.R.Civ.P. Because Reagan did not deny Reeder’s claims regarding the contract, Reagan’s contention that Reeder has failed to establish the existence of such a contract is not well taken. What is even more telling, the record reveals that Reagan in fact adopted certain of Reeder’s averments as to the nature of this contract for use in his third-party complaint and in his motion to dismiss the amendment to Reeder’s complaint.
Without more before us, we are reluctant to provide the trial court’s reasoning in finding for Reagan. This court might think it reasonable to speculate that perhaps the trial court viewed the July 1989 agreement between Favors and Reed-er as releasing Reagan from his original debt to Reeder. We note here that while *298 this written agreement is in the clerk’s record on appeal, the issue of whether the agreement was actually in evidence before the trial court remains unclear. In any case, nowhere does it appear from the language of this agreement, or anywhere in the record, that it was Reeder’s intention to give up his claim against Reagan for amounts unpaid under the contract. Further, a material condition precedent to releasing Reagan from liability to Reeder through any such agreement would be the payment of monies owed to Reeder. See, e.g., United States Fidelity & Guaranty Co. v. Jacksonville State University, 357 So.2d 952 (Ala.1978). Because the undisputed evidence indicated that such monies had not been paid, we find that such an agreement, if in fact it was relied upon by the trial court, could not properly be found to release Reagan from liability to Reeder.
As noted above, no actual testimony was taken at trial, and the case was submitted on the pleadings and certain facts stipulated to by the parties. When the cause is tried in this manner, this court indulges no presumption that the trial court correctly found the facts and on appeal must sit in judgment on the evidence. We are free to review the evidence to determine whether the trial court correctly applied the law to the facts. Smith v. Dalrymple, 275 Ala. 529, 156 So.2d 622 (1963).
As Reagan has failed to deny-Reeder’s allegations as to his indebtedness on the contract, and because Reagan has presented no affirmative defenses to Reeder’s claims, we find that the trial court did not correctly apply the law to the undisputed facts. Accordingly, we must reverse the judgment of the trial court and remand with instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.