MONROE, Judge.
Body Max Fitness Center, Inc., sued Gail Sheffield, claiming payment due and a reasonable attorney fee under the provisions of a health-club membership contract. The district court ruled in favor of Sheffield. Body Max appealed to the circuit court. The circuit court entered a judgment in favor of Sheffield, finding that she was “totally and permanently disabled,” under the language of the contract. Body Max appeals. The sole issue on appeal is whether Sheffield’s inability to utilize one or more of the services offered by Body Max rendered her “totally and permanently disabled” under the terms of the contract entered into by the parties.
This case was submitted to the trial court on an agreed statement of facts. Thus, no presumption of correctness attaches to the trial court’s findings. See Reeder v. Reagan, 590 So.2d 296 (Ala.Civ.App.1991); Kessler v. Stough, 361 So.2d 1048 (Ala.1978).
The evidence in the record indicated the following pertinent facts. On April 7, 1995, Gail Sheffield and Body Max Fitness Center entered into a contract whereby Sheffield purchased a membership in the fitness center. Under the terms of the contract, Sheffield agreed to pay Body Max one payment of $66.92, followed by 24 monthly payments of $40.
The contract between the parties contained the following provisions:
*837 “C. Death or Disability: If you become totally and permanently disabled during membership term following the date of the contract, you may cancel the contract and receive a refund of funds paid or accepted in payment of the contract in an amount computed by dividing the contract price by the number of weeks in the contract’s term and multiplying the result by the number of weeks remaining in the contract’s term. We shall have the right to require reasonable proof of total and permanent disability. Total and permanent disability* means such disability as would prevent you from using any of the seller’s facilities.”
On September 4, 1995, Sheffield presented Bodjr Max with a note from her physician, Dr. H. Byron Phillips, recommending that she discontinue her exercise program until he released her to “full normal activities.” Sheffield also had a document from Dr. Charles H. Lambert, advising her to discontinue use of the tanning-bed facilities. The parties stipulated that the disabilities that resulted in the letter from Dr. Phillips are not permanent in nature; that Sheffield no longer suffers from the disabilities; and that she has been released by Dr. Phillips to resume a full slate of activities. Sheffield testified that she is physically able to utilize the aerobic activities, weight-training facilities, stationary bikes, and karate classes offered by Body Max. Although Body Max offered, and continues to offer, aerobics classes, Sheffield has begun an aerobic exercise program at another facility. The only program offered by Body Max that Sheffield cannot currently use is the tanning bed.
It is clear from the language of the contract that the parties did not intend that Sheffield be declared “totally and permanently disabled” if she became unable to use any one of Body Max’s programs or services. “The words of an agreement are to be given their ordinary meaning, and the intention of the parties is to be derived from the provisions of the contract.” Vainrib v. Downey, 565 So.2d 647, 648 (Ala.Civ.App.1990). The reasonable meaning derived from the language of the contract is that Sheffield is to be considered “totally and permanently disabled” only if she is unable to utilize all, or at the least the great majority, of the programs and services offered by Body Max.
Our Supreme Court has stated that “if a contract is plain and free of ambiguity, it is the duty of the court to enforce the document as written.” Murray v. Alfab, Inc., 601 So.2d 878, 886 (Ala.1992). The relevant section of the contract between these parties is plain and unambiguous. The evidence does not support a finding that Sheffield is “totally and permanently disabled.”
Because the trial court erred in finding that Sheffield was “totally and permanently disabled,” under the contract, we reverse the judgment and remand this cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., concur in result.